# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**In Re:**

**DERMOT MARTIN CAWLEY,**   Case No. 6:23-bk-02795-GER
                           Chapter 11
  Debtor.                  Subchapter V
_____/

**DERMOT MARTIN CAWLEY,**
**CAWLEY JV, LLC, and GLOBAL**
**MILL SUPPLY, LLC,**

  Plaintiffs,

v.                          Adv. Proc. No. 6:24-ap-____-GER

**COOPER & ELLIOTT, LLC, REX H.**
**ELLIOTT, BARTON R. KEYES, and SEAN R. ALTO,**

  Defendants.
_____/

## ADVERSARY COMPLAINT – LEGAL MALPRACTICE/PROFESSIONAL NEGLIGENCE

**COMES NOW DERMOT MARTIN CAWLEY** ("**DEBTOR**"), **CAWLEY JV, LLC** ("**CAWLEY JV**"), and **GLOBAL MILL SUPLY, LLC** ("**GMS**") (collectively, "**Plaintiffs**"), and hereby file their Adversary Complaint against Defendants, **COOPER & ELLIOTT, LLC** ("**COOPER & ELLIOTT**"), **REX H. ELLIOTT** ("**ELLIOTT**"), **BARTON R. KEYES** ("**KEYES**") and **SEAN R, ALTO** ("**ALTO**") (collectively, "**Defendants**"), and in support thereof

would state:

## GENERAL ALLEGATIONS

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. 157(a) and 1334(b) to the extent such matters have been and may be referred to this Court under the provisions of Title 28 of the United States Code and the general order of reference entered by the District Court for the Middle District of Florida pursuant to 28 U.S.C. 157(a).

2. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (E) and (O), under which the Court is authorized to hear and determine all matters.

3. To the extent that this is a non-core proceeding relating to the Chapter 11 bankruptcy case of the Debtor, the Plaintiffs consent to the entry of final orders by the Court.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1408 and 1409 because this adversary proceeding arises in or relates to the Chapter 11 bankruptcy case of the Debtor pending in this District.

5. Plaintiff, DEBTOR, is the Debtor-in Possession in this bankruptcy case and who is authorized to bring this action on behalf of the Debtor.

6. Plaintiff, CAWLEY JV, is a Georgia limited liability company, of which the Debtor is the sole member and manager.

7. Plaintiff, GMS, is a Georgia limited liability company, of which the Debtor is the sole manager.

8. DEBTOR is authorized to bring this action on behalf of CAWLEY JV and GMS.

9. Defendant ELLIOTT is an attorney licensed to practice law in the State of Ohio.

10. At all times material to this action, Defendant ELLIOTT held himself out to the public, and more specifically to Plaintiffs, to be an attorney and counselor at law, skilled and experienced in litigation, including claims involving legal malpractice.

11. Defendant KEYES is an attorney licensed to practice law in the State of Ohio.

12. At all times material to this action, Defendant KEYES held himself out to the public, and more specifically to Plaintiffs, to be an attorney and counselor at law, skilled and experienced in litigation, including claims involving legal malpractice.

13. Defendant ALTO is an attorney licensed to practice law in the State of Ohio.

14. At all times material to this action, Defendant ALTO held himself out to the public, and more specifically to Plaintiffs, to be an attorney and counselor at law,

3

skilled and experienced in litigation, including claims involving legal malpractice.

15. Defendant, COOPER & ELLIOTT, is an Ohio limited liability company, and at all relevant times is or was a law firm doing business in the State of Ohio.

16. Defendant ELLIOTT, at all times material hereto, was an agent, servant, and/or employee of COOPER & ELLIOTT; was acting within the line and scope of his duties with COOPER & ELLIOTT; and was acting in furtherance of the interest of COOPER & ELLIOTT.

17. Defendant KEYES, at all times material hereto, was an agent, servant, and/or employee of COOPER & ELLIOTT; was acting within the line and scope of his duties with COOPER & ELLIOTT; and was acting in furtherance of the interest of COOPER & ELLIOTT.

18. Defendant ALTO, at all times material hereto, was an agent, servant, and/or employee of COOPER & ELLIOTT; was acting within the line and scope of his duties with COOPER & ELLIOTT; and was acting in furtherance of the interest of COOPER & ELLIOTT.

19. At all times material to this cause of action, DEBTOR believed that ELLIOTT was an agent, servant, and/or employee of COOPER & ELLIOTT; was acting within the line and scope of his duties with COOPER & ELLIOTT; and was acting in furtherance of the interest of COOPER & ELLIOTT.

20. At all times material to this cause of action, DEBTOR believed that KEYES was an agent, servant, and/or employee of COOPER & ELLIOTT; was acting within the line and scope of his duties with COOPER & ELLIOTT; and was acting in furtherance of the interest of COOPER & ELLIOTT.

21. At all times material to this cause of action, DEBTOR believed that ALTO was an agent, servant, and/or employee of COOPER & ELLIOTT; was acting within the line and scope of his duties with COOPER & ELLIOTT; and was acting in furtherance of the interest of COOPER & ELLIOTT.

22. Defendant COOPER & ELLIOTT is vicariously liable for the conduct of its employees, including ELLIOTT, KEYES and ALTO, acting in the line and scope of their employment with the firm.

23. All conditions precedent to this action have been performed, satisfied, or waived by Defendants or have otherwise occurred.

24. On or about November 8, 2018, Plaintiffs began conversations with ELLIOTT and COOPER & ELLIOTT to represent them in connection with a claim against the law firm of Vorys, Sater, Seymour and Peace, LLP, and their attorneys for professional negligence / legal malpractice, breach of fiduciary duty, and excessive billing practices in the course of their legal representation of Plaintiffs in connection with GMS and Cawley JV in a dispute with their former joint venture partner, Wall Steet Recycling ("WSR"), and the failure to disclose its existing

5

relationship with WSR's lender, First Merit Bank ("First Merit") or pursue a claim against First Merit for negligent and reckless banking practices, all as more fully set forth the First Amended Complaint filed in the case of *Dermot Cawley. et. al, Plaintiffs, v. Vorys, Sater, Seymour and Peace, LLP, et al, Defendants*, on September 6, 2019, in the Common Pleas Court of Franklin County, Ohio, Case No. 19-CV-6074, a true and correct copy of said First Amended Complaint being attached hereto as **Exhibit A**.

25. On July 1, 2019, Defendants obtained from P. Mark Lemke, MBA, a business valuation and banking expert, an opinion as to the action (or inaction) of First Merit that resulted, *inter alia*, in the damages suffered by Plaintiffs, a copy of said opinion being attached hereto as **Exhibit B**.

26. On July 23, 2019, Plaintiffs formally retained COOPER & ELLIOTT to pursue collection against Vorys, Sater, Seymour and Peace, LLP, as reflected in Agreement attached hereto as **Exhibit C**.

27. On July 26, 2019, Plaintiffs filed their original Complaint against Vorys, Sater, Seymour and Peace, LLP, et al, Defendants, in the Common Pleas Court of Franklin County, Ohio, which was assigned Case No. 19-CV-6074, a true and correct copy of said Complaint being attached hereto as **Exhibit D**.

28. On September 23, 2019, the Vorys, Sater Defendants filed their Answer and Counterclaims to the First Amended Complaint (Exhibit A), a true and correct

6

copy of said Answer and Counterclaims being attached hereto as **Exhibit E**.

29. In their Answer and Counterclaims filed September 23, 2019, the Vorys, Sater Defendants alleged as their Third Affirmative Defense (para. 34) that "Plaintiffs' First Amended Complaint may be barred, in whole or in part, by the applicable statute of limitations."

30. Under Ohio law:

(A) An action for libel, slander, malicious prosecution, or false imprisonment, an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, ***an action for legal malpractice against an attorney or a law firm or legal professional association***, or an action upon a statute for a penalty or forfeiture ***shall be commenced within one year after the cause of action accrued***, provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation shall be commenced within two years after the cause of action accrued.
R.C. 2305.11 (A) (emphasis supplied).

31. A cause of action for legal malpractice accrues when there is a cognizable event by which the plaintiff discovers or should have discovered the injury giving rise to a claim and is put on notice of a need to pursue his possible remedies against the attorney, or when the attorney-client relationship for that particular transaction terminates, whichever occurs later. *Fourtounis v. Verginis*, 101 N.E. 3d 101 (Ohio App. 8 Distr., 11-16-2017); *Deeb v. Bailey*, 77 N.E.3d 562 (Ohio App. 6 Dist., 01-27-2017); *Stepka v. McCormack*, 66 N.E.3d 32 (Ohio App. 9

7

Dist., 05-23-2016).

33. On July 19, 2021, COOPER & ELLIOTT filed Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment, a true and correct copy of said Memorandum being attached hereto as **Exhibit G.**

34. In its Memorandum in Opposition to Defendant's Motion for Summary Judgment (Exhibit G), COOPER & ELLIOTT argued that "the attorney-client relationship terminated no earlier than August 2018 (when defendants terminated it)." Therefore, COOPER & ELLIOTT asserted that its legal malpractice action against the Vorys, Sater Defendants was timely filed.

35. On November 3, 2021, the Court entered its Decision and Entry Denying Defendant's Motion for Summary Judgment Filed June 11, 2011 (attached hereto as **Exhibit H**), wherein the Court determined that the evidence presented was inconclusive as to when the relationship terminated, and "the question of when an attorney-client relationship terminates is normally a question of fact."

36. Accordingly, the case proceeded to trial.

8

37. In preparation for trial, on or about December, 2022, COOPER & ELLIOTT obtained a report from its expert, P. Mark Lemke, stating that the "total amount of damages calculated for the lost profits of GMS as a result of defendant's actions is $24,000,000", and the "total amount of damages calculated for the lost profits of CJV [CAWLEY JV] as a result of defendant's actions is $6.500,000". A true and correct copy of the expert report is attached hereto as **Exhibit I**.

38. On May 10, 2023, the Vorys, Sater Defendants filed their Motion to Bifurcate Statute of Limitations Defense, a true and correct copy of which is attached hereto as **Exhibit J**, seeking to have a trial on the statute of limitations defense before conducting a trial on the substantive issues.

39. On June 5, 2023, the Court entered its Entry Granting Motion of Defendants to Bifurcate Statute of Limitations Defense, filed May 10, 2023, attached hereto as **Exhibit K**, wherein the Court "ORDERED that statute of limitations defense will be bifurcated for purposes of trial, and this issue will be presented to the jury first before proceeding with any further evidence."

40. On or about June 27, 2023, a trial was had upon the statute of limitations defense, which resulted in a jury verdict "in favor of Defendant that the Plaintiffs' claims for legal malpractice are barred by the statute of limitations." A true and correct copy of the General Verdict for Defendant (Statute of Limitations Defense) is attached hereto as **Exhibit L**.

9

41. After the jury verdict, on July 13, 2023, the Court entered its Agreed Consent Judgment Entry, resulting in a judgment being entered in favor of the Vorys, Sater Defendants and against Plaintiffs in the amount of $1,424,487.63, a true and correct copy of said Judgment being attached hereto as **Exhibit M**.

42. On October 18, 2023, COOPER & ELLIOTT, ELLIOTT, KEYES and ALTO filed their Motion of Plaintiffs' Counsel to Withdraw (attached hereto as **Exhibit N**), which resulted in the Entry Granting Motion to Withdraw as Counsel, filed October 19, 2023 (attached hereto as **Exhibit O**).

43. Accordingly, this action is timely under Ohio law. R.C. 2305.11(A).

## **COUNT I - LEGAL MALPRACTICE/PROFESSIONAL NEGLIGENCE**

44. This is an action for legal malpractice and professional negligence, in which the damages are in excess of Thirty Million Five Hundred Thousand Dollars ($30,500,000), exclusive of interest, costs and attorney's fees.

45. Plaintiffs reallege paragraphs 1 – 43 as if fully set forth herein.

46. As a result of their attorney / client relationship, COOPER & ELLIOTT, ELLIOTT, KEYES and ALTO owed to Plaintiffs a duty to exercise reasonable and ordinary care and due diligence to act promptly and with a reasonable degree of knowledge, care and skill of attorneys licensed in the State of Ohio.

47. COOPER & ELLIOTT, ELLIOTT, KEYES and ALTO breached the duty of care by failing to act with reasonable care as described herein and were

10

negligent in not giving proper advice to Plaintiffs. This negligence consisted of, but was not limited to, the following:

    a. the failure to timely file the claim against the Vorys, Sater Defendants as prescribed under Ohio R.C. 2305.11(A), despite having knowledge of the existence of the claims since at least November 8, 2018.

    b. the failure to advise Plaintiffs that they needed to timely file the claim against the Vorys, Sater Defendants as prescribed under Ohio R.C. 2305.11(A), despite having knowledge of the existence of claims since at least November 8, 2018.

48. Defendants' acts and omissions committed while representing Plaintiffs fell below the standard of care in the legal profession and therefore Defendants breached the standard of care and committed legal malpractice.

49. Some of the acts and omissions supporting the legal malpractice are identified above and others will be determined during discovery.

50. Defendants' legal malpractice amounted to a reckless disregard for Plaintiffs' rights.

51. As a direct and proximate result of the negligence by COOPER & ELLIOTT, ELLIOTT, KEYES and ALTO, Plaintiffs have suffered damages in excess of Thirty Million Five Hundred Thousand Dollars ($30,500,000).

11

## COUNT II – BREACH OF FIDUCIARY DUTY

52. This is an action for breach of fiduciary duty, in which the damages are in excess of Thirty Million Five Hundred Thousand Dollars ($30,500,000), exclusive of interest, costs and attorney's fees.

53. Plaintiffs reallege paragraphs 1 – 43 as if fully set forth herein.

54. At all times relevant hereto, Defendants had an attorney-client relationship with Plaintiffs and therefore had a fiduciary relationship with Plaintiffs.

55. Because a fiduciary relationship existed with Plaintiffs, Defendants had a duty to act in the best interests of Plaintiffs and not placing their own interests ahead of Plaintiffs' interests.

56. As a result of their attorney / client relationship, COOPER & ELLIOTT, ELLIOTT, KEYES and ALTO owed to Plaintiffs a duty to exercise reasonable and ordinary care and due diligence to act promptly and with a reasonable degree of knowledge, care and skill of attorneys licensed in the State of Ohio.

57. COOPER & ELLIOTT, ELLIOTT, KEYES and ALTO breached the duty of care by failing to act with reasonable care as described herein and were negligent in not giving proper advice to Plaintiffs. This negligence consisted of, but was not limited to, the following:

   a. the failure to timely file the claim against the Vorys, Sater Defendants as prescribed under Ohio R.C. 2305.11(A), despite

> having knowledge of the existence of the claims since at least November 8, 2018.
>
> b. the failure to advise Plaintiffs that they needed to timely file the claim against the Vorys, Sater Defendants as prescribed under Ohio R.C. 2305.11(A), despite having knowledge of the existence of claims since at least November 8, 2018.

58. In so doing, Defendants breached their fiduciary duty owed to Plaintiffs by, *inter alia*, by failing to timely file Plaintiffs' Complaint against the Vorys, Sater Defendants or otherwise advising Plaintiffs of the need to file said Complaint prior to the deadline prescribed under Ohio R.C. 2305.11(A).

59. Defendants' acts and omissions committed while representing Plaintiffs occurred within the course and scope of their job duties and/or were otherwise ratified by COOPER & ELLIOTT, and therefore COOPER & ELLIOTT is vicariously liable for this misconduct.

60. As a direct and proximate result of the breach of fiduciary duty, Plaintiffs were damaged and are entitled to collect compensatory damages, punitive damages and attorney's fees arising from said breach.

WHEREFORE, Plaintiffs seeks a judgment against COOPER & ELLIOTT, ELLIOTT, KEYES and ALTO for damages, and other relief as follows:

(a) That judgment be granted in favor of Plaintiffs and against Defendants, jointly and severally, for the monetary amount of $30,500,000.00, plus prejudgment interest at the maximum rate permitted by law;

(b) That judgment be granted in favor of Plaintiffs and against Defendants, jointly and severally, for the attorney's fees and costs incurred by Plaintiffs in connection with pursuing their rights and prosecuting this action, plus prejudgment interest at the maximum rate permitted by law;

(c) That judgment be granted in favor of Plaintiffs and against Defendants, jointly and severally, awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: June 26, 2024

*/s/ Jon E. Kane* (FBN 0814202)
South Milhausen, P.A.
1000 Legion Place, Suite 1200
Orlando, Florida 32801
Telephone: (407) 539-1638
Email: jkane@southmilhausen.com
*Attorneys for Plaintiffs*