UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DERMOT MARTIN CAWLEY,** *et al.***,**

        **Plaintiffs,**

  **v.**

                                **Case No. 2:24-cv-4138**
                                **JUDGE EDMUND A. SARGUS, JR.**

**COOPER & ELLIOTT, LLC,** *et al.***,**

        **Defendants.**

## <u>ORDER</u>

This matter is before the Court sua sponte on its subject matter jurisdiction and venue.

## BACKGROUND

In June 2024, Dermot Martin Cawley ("Debtor") and his two companies (here, the "Plaintiffs"), filed an adversary proceeding in Debtor's Chapter 11, subchapter V bankruptcy in the United States Bankruptcy Court for the Middle District of Florida ("Florida Bankruptcy Court"). (ECF No. 1.) Plaintiffs brought the litigation against Cooper & Elliott, LLC, a law firm doing business in Columbus, Ohio, and three of the firm's attorneys ("Defendants"), alleging legal malpractice, professional negligence, and breach of fiduciary duty. (*Id.* ¶¶ 44–60.) Plaintiffs request damages over $35 million. (*Id.*)

In late July 2024, Defendants filed a motion in the Florida Bankruptcy Court entitled: "Motion (1) to Determine Bankruptcy Court's Authority to Enter Final Orders or Judgments; and (2) for Withdrawal of this Proceeding to the District Court; and/or (3) Dismissal as to Non-Debtor Plaintiffs; and/or (4) to Dismiss Pursuant to *Forum Non Conveniens* Doctrine; Alternatively (5) transfer of the Proceeding to Ohio; and Demand for a Jury Trial." (ECF No. 10.)

A few weeks later in August 2024, Defendants filed an amended motion entitled: "Motion

(1) to Determine Bankruptcy Court's Authority to Enter Final Orders or Judgments; (2) for Withdrawal of this Proceeding to the District Court; (3) Dismissal as to the Claims of Non-Debtor Plaintiffs; (4) to Dismiss Pursuant to *Forum Non Conveniens* Doctrine; (5) to Dismiss for Lack of Personal Jurisdiction; Alternatively, (6) Transfer of the Proceeding to Ohio." (Amended Motion, ECF No. 16.)

The parties then filed an "Agreed Motion to Abate" the first motion (ECF No. 18), which was granted by the Florida Bankruptcy Court (ECF No. 19). The Florida Bankruptcy Court's Order included the following stated relief: "[t]his matter shall be abated until a ruling on the request for withdrawal of the reference"; and "[s]hould the District Court rule that the reference be withdrawn, Defendants shall refile their separate motions seeking alternative relief, consistent with *Bankr. M.D. Fla. Local Rule 9013-1*, governing Motion Practice." (ECF No. 19.) After that, the Florida Bankruptcy Court entered another order, this time directing payment of the filing fee for the motion to withdraw the reference and noting no response was filed to that motion. (ECF No. 21, PageID 271.)

But then, on October 14, 2024, proceeding in the Florida Bankruptcy Court, the parties filed an agreed motion explaining that they "agreed the matter may be transferred to the United States District Court for the Southern District of Ohio" so long as Defendants "withdraw their pending Motions (Docs. 10 and [16])," "waive any objections to personal and subject matter jurisdiction in the Southern District of Ohio, as well any objections related to service of process, provided this Adversary Proceeding is transferred to the United States District Court for the Southern District of Ohio (Columbus)," and comply with other discovery schedule deadlines the parties proposed. (Agreed Motion, ECF No. 25.) The Florida Bankruptcy Court granted that Agreed Motion, and ordered as follows:

1. The Motion ([ECF No. 25]) is **GRANTED**.

2. Defendants' pending motions seeking to withdraw the reference and for other relief filed in this Adversary Proceeding (Doc. Nos. 10 and [16]) are withdrawn with prejudice.

3. Defendants agreed to waive any objections to personal and subject matter jurisdiction in the Southern District of Ohio, as well as any objections related to service of process.

4. The Parties have agreed and are directed to attend a mediation of this Adversary Proceeding, to be completed on or before December 15, 2024, in person in the State of Ohio, or remotely.

5. The Clerk is directed to transfer this Adversary Proceeding to the United States District Court for the Southern District of Ohio (Columbus Division) for all discovery and substantive proceedings, including trial. Should Defendants fail to comply with this Order or the Stipulation, Plaintiffs may seek appropriate remedies before the United States District Court for the Southern District of Ohio (Columbus) in the transferred case.

(Agreed Order, ECF No. 31, PageID 305.)

The Court now examines the docket that has been transferred to it from the Florida Bankruptcy Court.

## ANALYSIS

The docket indicates that the nature of the suit is a bankruptcy withdrawal and that the Amended Motion is pending, but neither is accurate. Instead, the parties transferred this matter from the Florida Bankruptcy Court to this Court by an Agreed Motion, which was granted by the in that Court. (ECF No. 31.) In the same Order, Defendants agreed to withdraw the Amended Motion, which sought to withdraw the reference. (*Id.* PageID 305.) Even if the Amended Motion was still pending, it requested the reference be withdrawn to the United States District Court for the Middle District of Florida—not this Court—and such requested relief is not relief this Court can grant. (*See* ECF No. 16, PageID 242.) The Amended Motion is **DENIED AS MOOT**. (ECF No. 16.)

3

So there is no pending motion to withdraw the reference in this Court. Yet "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." 28 U.S.C. § 1409; *see also* 28 U.S.C. §§ 157(a), 1334(b). Congress authorized district courts to refer "any or all" bankruptcy related proceedings to bankruptcy judges for their district. 28 U.S.C. § 157(a).

The United States District Court for the Middle District of Florida has an administrative order that does just that: "Pursuant to 28 U.S.C. § 157(a), any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this District." *In re: Administrative Orders of the Chief Judge*, Case No. 3:21-mc-1-TJC (M.D. Fla. Oct. 29, 2024). This Court has a similar order. *In the Matter of: Bankruptcy Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984*, General Order No. 05-02 (S.D. Ohio Oct. 24, 2005).

In filing this adversary proceeding in the Florida Bankruptcy Court, Plaintiffs (which include the Debtor) cited 28 U.S.C. §§ 157(a) and 1334(b) as providing the Florida Bankruptcy Court with subject matter jurisdiction and 28 U.S.C. §§ 1408 and 1409 as providing the same Court being the proper venue. (ECF No. 1, ¶ 4.) That complaint appears to be the operative complaint here.

A party generally files a motion under 28 U.S.C. § 157(d) to withdraw that reference from a bankruptcy court back to a district court. That subsection of § 157 provides that a district court

> may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The statute provides two methods of withdrawal—permissive and mandatory. *Terlecky v. S.*

4

*German Vill. LLC (In re Villavicencio)*, No. 2:22-cv-03593, 2023 U.S. Dist. LEXIS 182790, at *7 (S.D. Ohio Oct. 11, 2023) (explaining difference between each method).

But here, it appears the parties attempted to bypass that step through their Agreed Motion. (*See* ECF No. 25.) Neither the Agreed Motion (ECF No. 25) nor Agreed Order (ECF No. 31) cited to what statute or statutes was or were relied on to withdraw the reference from the Florida Bankruptcy Court and simultaneously transfer the case to this Court, the United States District Court for the Southern District of Ohio. Nor does anything on the record indicate whether permissive or mandatory withdrawal applied.

The parties also included language in their Agreed Motion (ECF No. 25) that Defendants waived any objections to subject matter jurisdiction in the Southern District of Ohio. The Agreed Order tracked that language. (ECF No. 31.) Despite this attempt, they cannot do so. *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003) ("[T]he existence of federal jurisdiction may be questioned at any point in the course of litigation and . . . parties cannot waive the requirement of subject matter jurisdiction.") (citing *Riggs v. Island Creek Coal Co.*, 542 F.2d 339, 343 (6th Cir.1976)); *Lowe v. Huffstutler*, No. 89–5996, 902 F.2d 1569, 1990 WL 66822, at *1 (6th Cir. 1990) ("The lack of subject matter jurisdiction cannot be cured by waiver.") (citing *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986)).

The record before the Court does not make clear if or why this Court has subject matter jurisdiction over this lawsuit. The Court may have jurisdiction, but there are no allegations in the complaint on the docket describing such jurisdiction. It is Plaintiffs burden to explain to the Court why it has jurisdiction in its pleadings, and why venue is proper. *See* Fed. R. Civ. P. 8(a).

## CONCLUSION

Defendants Cooper & Elliott, LLC, Rex H. Elliott, Barton R. Keyes, and Sean R. Alto's Amended Motion (ECF No. 16) is **DENIED AS MOOT**.

The parties are **ORDERED** to file a joint—or if they cannot file jointly, separately—brief(s) explaining why the Court has subject matter jurisdiction and why venue is proper. The parties should cite the statutory authority they used to transfer this case from the United States Bankruptcy Court Middle District of Florida to this Court. The parties must also update the Court on the status of Mr. Cawley's bankruptcy proceedings. That brief or those briefs are due **within 21 days from the date of the Order**.

The Court **HOLDS IN ABEYANCE** the Motion to Compel Production of Documents and for Sanctions filed by Plaintiffs Dermot Martin Cawley, Cawley JV LLC, and Global Mill Supply, LLC. (ECF No. 41.) The Court stays all associated briefing deadlines until the issues in this Order have been resolved.

This case remains open.

**IT IS SO ORDERED.**

**9/18/2025**                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                      **UNITED STATES DISTRICT JUDGE**