**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DERMOT MARTIN CAWLEY, *et al.*,**

**Plaintiffs,**

**v.**

**Case No. 2:24-cv-4138**
**JUDGE EDMUND A. SARGUS, JR.**

**COOPER & ELLIOTT, LLC, *et al.*,**

**Defendants.**

**OPINION AND ORDER**

This matter is before the Court on the parties' Joint Brief Responding to Court's Questions on Subject Matter Jurisdiction and Venue. (ECF No. 45.) For the reasons below, this matter is returned to the United States Bankruptcy Court for the Middle District of Florida ("Florida Bankruptcy Court").

**BACKGROUND**

The Court provided a background summary in its previous Order (ECF No. 42):

In June 2024, Dermot Martin Cawley ("Debtor") and his two companies (here, the "Plaintiffs"), filed an adversary proceeding in Debtor's Chapter 11, subchapter V bankruptcy in the United States Bankruptcy Court for the Middle District of Florida. (ECF No. 1.) Plaintiffs brought the litigation against Cooper & Elliott, LLC, a law firm doing business in Columbus, Ohio, and three of the firm's attorneys ("Defendants"), alleging legal malpractice, professional negligence, and breach of fiduciary duty. (*Id.* ¶¶ 44–60.) Plaintiffs request damages over $35 million. (*Id.*)

In late July 2024, Defendants filed a motion in the Florida Bankruptcy Court entitled: "Motion (1) to Determine Bankruptcy Court's Authority to Enter Final Orders or Judgments; and (2) for Withdrawal of this Proceeding to the District Court; and/or (3) Dismissal as to Non-

Debtor Plaintiffs; and/or (4) to Dismiss Pursuant to *Forum Non Conveniens* Doctrine; Alternatively (5) transfer of the Proceeding to Ohio; and Demand for a Jury Trial." (ECF No. 10.)

A few weeks later in August 2024, Defendants filed an amended motion entitled: "Motion (1) to Determine Bankruptcy Court's Authority to Enter Final Orders or Judgments; (2) for Withdrawal of this Proceeding to the District Court; (3) Dismissal as to the Claims of Non-Debtor Plaintiffs; (4) to Dismiss Pursuant to *Forum Non Conveniens* Doctrine; (5) to Dismiss for Lack of Personal Jurisdiction; Alternatively, (6) Transfer of the Proceeding to Ohio." (Amended Motion, ECF No. 16.)

The parties then filed an "Agreed Motion to Abate" the first motion (ECF No. 18), which was granted by the Florida Bankruptcy Court (ECF No. 19). The Florida Bankruptcy Court's Order included the following stated relief: "[t]his matter shall be abated until a ruling on the request for withdrawal of the reference"; and "[s]hould the District Court rule that the reference be withdrawn, Defendants shall refile their separate motions seeking alternative relief, consistent with *Bankr. M.D. Fla. Local Rule 9013-1*, governing Motion Practice." (ECF No. 19.) After that, the Florida Bankruptcy Court entered another order, this time directing payment of the filing fee for the motion to withdraw the reference and noting no response was filed to that motion. (ECF No. 21, PageID 271.)

But then, on October 14, 2024, proceeding in the Florida Bankruptcy Court, the parties filed an agreed motion explaining that they "agreed the matter may be transferred to the United States District Court for the Southern District of Ohio" so long as Defendants "withdraw their pending Motions (Docs. 10 and [16])," "waive any objections to personal and subject matter jurisdiction in the Southern District of Ohio, as well any objections related to service of process,

provided this Adversary Proceeding is transferred to the United States District Court for the Southern District of Ohio (Columbus)," and comply with other discovery schedule deadlines the parties proposed. (Agreed Motion, ECF No. 25.) The Florida Bankruptcy Court granted that Agreed Motion, and ordered as follows:

> 1. The Motion ([ECF No. 25]) is **GRANTED**.
>
> 2. Defendants' pending motions seeking to withdraw the reference and for other relief filed in this Adversary Proceeding (Doc. Nos. 10 and [16]) are withdrawn with prejudice.
>
> 3. Defendants agreed to waive any objections to personal and subject matter jurisdiction in the Southern District of Ohio, as well as any objections related to service of process.
>
> 4. The Parties have agreed and are directed to attend a mediation of this Adversary Proceeding, to be completed on or before December 15, 2024, in person in the State of Ohio, or remotely.
>
> 5. The Clerk is directed to transfer this Adversary Proceeding to the United States District Court for the Southern District of Ohio (Columbus Division) for all discovery and substantive proceedings, including trial. Should Defendants fail to comply with this Order or the Stipulation, Plaintiffs may seek appropriate remedies before the United States District Court for the Southern District of Ohio (Columbus) in the transferred case.

(Agreed Order, ECF No. 31, PageID 305.)

Upon evaluation of the procedural history in the case, this Court issued an Order "sua sponte on its subject matter jurisdiction and venue." (ECF No. 42.) While the docket specified the suit was a bankruptcy withdrawal, that was inaccurate because the parties had transferred the matter from the Florida Bankruptcy Court to this Court by an Agreed Motion, which was granted by the Florida Bankruptcy Court. (*Id.* PageID 375; *see* ECF No. 31.) There was no pending motion to withdraw the reference for this Court to decide. (ECF No. 42, PageID 375.)

This Court explained United States bankruptcy courts' jurisdiction:

> "[A] proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." 28

> U.S.C. § 1409; *see also* 28 U.S.C. §§ 157(a), 1334(b). Congress authorized district courts to refer "any or all" bankruptcy related proceedings to bankruptcy judges for their district. 28 U.S.C. § 157(a).
>
> The United States District Court for the Middle District of Florida has an administrative order that does just that: "Pursuant to 28 U.S.C. § 157(a), any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this District." *In re: Administrative Orders of the Chief Judge*, Case No. 3:21-mc-1-TJC (M.D. Fla. Oct. 29, 2024). This Court has a similar order. *In the Matter of: Bankruptcy Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984*, General Order No. 05-02 (S.D. Ohio Oct. 24, 2005).

(ECF No. 42, PageID 376.)

When they commenced their adversary proceedings in the Florida Bankruptcy Court, Plaintiffs cited 28 U.S.C. §§ 157(a) and 1334(b) as providing the Florida Bankruptcy Court with subject matter jurisdiction and 28 U.S.C. §§ 1408 and 1409 as establishing that venue is proper in the same Court. (ECF No. 1, ¶¶ 1, 4.) That Adversary Complaint appears to be the operative complaint here.

This Court's Order explained that a party generally files a motion under 28 U.S.C. § 157(d) in the district court to withdraw the reference from a bankruptcy court back to the district court. (ECF No. 42, PageID 376–77.) Yet "the parties attempted to bypass that step through their Agreed Motion [(ECF No. 25)]" that did not cite to "what statute or statutes was or were relied on to withdraw the reference from the Florida Bankruptcy Court and simultaneously transfer the [proceeding] to this Court." (ECF No. 42, PageID 377.) The Court's Order also explains subject matter jurisdiction cannot be waived (despite the parties' attempt to do so in their Agreed Motion). (*Id.* (citing *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003) ("[T]he existence of federal jurisdiction may be questioned at any point in the course of litigation and . . . parties cannot waive the requirement of subject matter jurisdiction.")).) The pleading sent to this Court does not explain why this Court has subject matter jurisdiction or why venue is proper. (*Id.*

(citing Fed. R. Civ. P. 8(a)).)

This Court stayed all deadlines and:

> **ORDERED** [the parties] to file a joint—or if they cannot file jointly, separately—brief(s) explaining why the Court has subject matter jurisdiction and why venue is proper. The parties should cite the statutory authority they used to transfer this [proceeding] from the United States Bankruptcy Court Middle District of Florida to this Court.

(*Id.* PageID 378.) The parties filed a Joint Brief responding to the Court's Order, which is addressed below. (ECF No. 45.)

## ANALYSIS

The parties state that they filed their Agreed Motion in the Florida Bankruptcy Court as a "practical resolution of the[ir] jurisdiction and venue dispute." (ECF No. 45, PageID 383.) First, the parties argue that this proceeding is properly before this Court because district courts can sua sponte withdraw whole or part of a bankruptcy case. (*Id.* PageID 384 (citing 28 U.S.C. § 157(d)).) They state that "Defendants requested a withdraw of the reference arguing, among other things, these are non-core claims for which a bankruptcy court cannot enter a final judgment," and there is a jury demand so the bankruptcy court cannot enter final judgment. (*Id.*)

The challenge with these arguments is that this Court did not sua sponte withdraw the reference; the proceeding was sent directly to this Court from a bankruptcy court in a different district. While Defendants may have argued this matter involved non-core claims and a jury demand warranting withdrawal of the reference to the United States District Court for the Middle District of Florida in a motion they withdrew, they did not make those arguments to this Court. This Court did not have the opportunity to analyze and decide whether withdrawal was proper. The power to withdraw the reference belongs to the district court, not the parties. *See* 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred

under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."); Fed. R. Bankr. P. 5011(a) ("A motion to withdraw a case or proceeding under 28 U.S.C. § 157(d) **must** be heard by a district judge.") (emphasis added). Consent cannot strip the district court of that discretion or bind it to withdraw.

If this Court agreed to the procedure the parties engage in, the Court would render 28 U.S.C. § 157(d), motions to withdraw the reference, and the body of law surrounding those motions meaningless. *See, e.g.*, 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011(a); *In re City of Detroit, Mich.*, 498 B.R. 776, 788 (Bankr. E.D. Mich. 2013) (explaining mandatory withdrawal should be granted only if the current proceedings could not be resolved without substantial and material consideration of the federal law regulating interstate commerce); *Emerson v. Treinish*, No. 1:13-mc-52, 2014 WL 2807481, at *3 (N.D. Ohio June 20, 2014) (listing the factors district courts consider when determining whether cause exists to warrant permissive withdrawal).

The parties next argue jurisdiction exists independently on diversity grounds. (ECF No. 45, PageID 385.) They cite certain allegations in the Adversary Complaint to support their position that the Court has diversity jurisdiction over the case. (*Id.*) They also state that venue is proper because Defendants reside within the Southern District of Ohio and the malpractice claim relevant to this adversary proceeding was litigated in this District in the Common Pleas Court of Franklin County, Ohio. (*Id.* PageID 382, 386; ECF No. 45-1.)

That Adversary Complaint was filed in the Florida Bankruptcy Court and is now on this Court's docket (ECF No. 1), but in it, Plaintiffs plead that the Florida Bankruptcy Court has

subject matter jurisdiction over the action and venue is proper in that Florida Bankruptcy Court (*id.* ¶¶ 1, 4). The parties—and the Court for that matter—cannot choose select allegations from that Adversary Complaint and refashion them as sufficiently pleading subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . .).

The parties' third argument is that the Florida Bankruptcy Court properly transferred the proceeding to this Court. (ECF No. 45, PageID 385.) They cite 28 U.S.C. § 1412, which states: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." (ECF No. 45, PageID 385.) They say a bankruptcy court has authority to transfer a proceeding to another district through § 1412 and through the district court's referral of the proceeding to the bankruptcy court under 28 U.S.C. § 157. (*Id.*) They also cite Federal Rule of Bankruptcy Procedure 7087 which states, "[o]n motion and after a hearing, the court may transfer an adversary proceeding, or any part of it, to another district under 28 U.S.C. §1412—except as provided in Rule 7019(b)."[1] (ECF No. 45, PageID 386.)

While the parties cite a few select cases that loosely support the proposition that 28 U.S.C. § 1412 would allow a bankruptcy court to transfer a proceeding to an out-of-district district court, those cases do not mirror or support the procedure the parties engaged in here. (ECF No. 45, PageID 385–86); *see In re Bavelis*, 453 B.R. 832, 869–70, 75–76 (Bankr. S.D. Ohio 2011) (Hoffman, J.) (denying motions to transfer venue and to transfer the adversary proceeding to another district); *In re Enron Corp.*, 274 B.R. 327 (Bankr. S.D.N.Y. 2002)

[1] Federal Rule of Bankruptcy Procedure 7019 applies Federal Rule of Civil Procedure 19 to an adversary proceeding. Rule 19 is about required joinder of parties and is not relevant here. Fed. R. Civ. P. 19.

(denying motions to transfer bankruptcy cases from Southern District of New York to the Southern District of Texas); *but see In re JCC Cap. Corp.*, 147 B.R. 349 (Bankr. S.D.N.Y. 1992) (on a motion, transferring adversary proceeding to United States District Court for the Central District of California); *In re A.R.E. Mfg. Co., Inc.*, 124 B.R. 912 (Bankr. M.D. Florida 1991) (similar procedure).)

The parties also cite *In re Chisling*, stating that the court there recognized rules authorizing "transfer [of] a proceeding to the Southern District of Indiana." (ECF No. 45, PageID 386 (citing No. AP 22-1050, 2022 WL 2541225, at *1 (Bankr. N.D. Ohio July 7, 2022)).) The parties' statement misconstrues that decision. In *In re Chisling*, the United States Bankruptcy Court for the Northern District of Ohio, on a debtor's motion, engaged in a thoughtful analysis of the factors considered when deciding whether transfer is in the interest of justice and transferred the action to the United States Bankruptcy Court for the Southern District of Indiana, not the district court. *In re Chisling*, 2022 WL 2541225, at *2.

More often, once a bankruptcy case or proceeding "is transferred under Section 1412, the transferee district court refers the case [or proceeding] to the bankruptcy judges for that district." *Belfor U.S.A. Grp. Inc. v. Salem Consumer Square OH LLC*, No. 3:22-mp-00301, 2022 WL 1203206, at *3 n.3 (Bankr. S.D. Ohio Apr. 22, 2022), *report and recommendation adopted sub nom. BELFOR Grp., Inc. v. Salem Consumer Square OH, LLC*, No. 3:21-cv-78, 2022 WL 17369294 (S.D. Ohio Dec. 2, 2022) (Rice, J.), (quoting *EnSource Invs. LLC v. Tatham*, No. 3:17-cv-00079-H-JMA, 2017 WL 3923784, at *2 (S.D. Cal. Sep. 7, 2017)); *see, e.g.*, *JWJ Hotel Holdings, Inc. v. W&H Realty, LLC*, No. 1:18-cv-454, 2018 WL 3772179, at *8 (S.D. Ohio Aug. 9, 2018) (Black, J.) (granting a motion to transfer a proceeding to a different United States District Court for referral to the United States Bankruptcy Court in that district); *MD Acquisition,*

*LLC v. Myers*, No. 2:08-cv-494, 2009 WL 466383, at *7 (S.D. Ohio Feb. 23, 2009) (Holschuh, J.) (same); *Citizens Ins. Co. of Am. v. FCA US LLC*, No. 15-14393, 2016 WL 2745818, at *8 (E.D. Mich. May 11, 2016) (same); *Quesenberry v. Chrysler Grp. LLC*, No. CIV. 12-48-ART, 2012 WL 3109431, at *7 (E.D. Ky. July 31, 2012) (same). That is not what happened here.

To sum, none of the parties' arguments convinces the Court that this proceeding is properly here. As such, this matter is returned to the Florida Bankruptcy Court.[2]

## CONCLUSION

For the above reasons, the Court finds this matter is not properly before it. This proceeding is returned to the United States Bankruptcy Court for the Middle District of Florida, Orlando Division. The Court **DENIES AS MOOT** (ECF No. 41) Plaintiffs Dermot Martin Cawley, Cawley JV LLC, and Global Mill Supply, LLC's Motion to Compel Production of Documents. The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the Clerk of Court for the United States Bankruptcy Court for the Middle District of Florida, José A. Rodriguez, at 400 West Washington Street, Suite 5100, Orlando, FL 32801, and reference the original proceeding number, Adv. No. 6:24-ap-00065-GER. The Clerk is further **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

9/30/2026
**DATE**

s/Edmund A. Sargus, Jr.
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

[2] In a separate, unopposed filing, Plaintiffs state: "should the Court find that it lacks subject matter jurisdiction and/or that venue is not proper, Plaintiffs request that the Court transfer the instant case to the United States District Court for the Middle District of Florida, or the Bankruptcy Court for the Middle District of Florida, as appropriate." (ECF No. 47, PageID 404.) The Court grants this request.